MYERS et al. v. LYONS–PARSONS CO.
(No. 7560.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1926. Rehearing Denied May 26, 1926.)

1. Partnership ☞214 — In action for debt against partners, answer alleging that one partner sold interest to other who agreed to pay debts, sets up no defense, where not alleging that plaintiff acquiesced.

In action for debt against partners, answer alleging that one partner sold his interest in the partnership to the other who, as part consideration, agreed to pay all partnership debts, sets up no defense, where not alleging that plaintiff acquiesced in the arrangement.

2. Partnership ☞214 — In action for debt against partners, answer alleging that partner conveyed property in trust to creditors and plaintiff was paid part of its claim under the trust deed, sets up no defense where not alleging that plaintiff was party to agreement.

In action for debt against partners, answer alleging that one partner to whom partnership property had been conveyed conveyed property in trust to creditors, and plaintiff was paid part of its claim under the trust deed, sets up no defense, where it does not allege that creditors agreed to accept property for their debts or to pay those not party to agreement or that plaintiff was party to the agreement.

Appeal from Dallas County Court; Wiley A. Bell, Judge.

Suit by the Lyons-Parsons Company against C. R. Myers and another, who impleaded other parties. Parties impleaded dismissed, judgment rendered for plaintiff, and defendants appeal. Affirmed.

W. B. Harrell, of Dallas, for appellants.

Allen & Allen, of Dallas, Williamson & McDonnell and Witt, Terrell & Witt, all of Waco, Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, Capps, Cantey, Hanger & Short and E. A. McCord, all of Fort Worth, and Spence, Smithdeal, Shook & Spence and H. T. Bowyer, all of Dallas, for appellee.

FLY, C. J. The basis of this suit is a debt of $230, evidenced by six promissory notes of $33.33 each, executed by C. R. Myers and J. E. Turner to Felix Parsons Company and an open account for $30. The suit was instituted by Lyons-Parsons Company against C. R. Myers and J. E. Turner, and they made a number of persons parties to the suit, all of whom appeared and answered. The court sustained a general demurrer to the answer of C. R. Myers and J. E. Turner, and all of the parties impleaded by appellants were dismissed from the suit, and judgment was rendered in favor of appellee as against appellants for the debt, interest, and costs.

[1, 2] The brief of appellants contains thirteen assignments of error to form a basis for two propositions of law—one that the court erred in sustaining a general demurrer to the appellants' cross-action; and the other that the judgment was not final because it does not dispose of all the issues and parties to the suit. Appellants were sued by appellee, Lyons-Parsons Company, for a debt due by them to that company, and as an answer to that claim they alleged that J. E. Turner sold his interest in the partnership business of himself and Myers to the latter; a part of the consideration being that he should pay all the debts of the partnership, including the debt of Lyons-Parsons Company. It is not alleged that the plaintiff in the suit had acquiesced in that arrangement, and it is not apparent how that agreement could affect its interests. It was also alleged that about November 15, 1919, Myers was in a failing condition and called a creditors' meeting, and it was agreed between Myers and the defendants in the cross-action that he would deliver his property to the creditors or their trustee in consideration of the cancellation of the debts against him and the partnership. R. McDaniel was elected the trustee, and Myers conveyed his properties to him, to be held in trust for the creditors; the trustee being authorized to sell the property and pay off the creditors. It was also alleged that the plaintiff accepted under

the trust deed and was paid a part of its claim, and appellants claim that there was a novation of the debt, an accord and satisfaction, a composition of creditors, which barred the plaintiff from a recovery.

There was nothing pleaded indicating that the creditors had agreed to accept the property for their debts and agreed to pay off those not a party to the agreement. The plaintiff was not a party to the agreement, and was not bound by its terms. He did not waive any right by accepting a payment from the trustee. The answer did not allege any defense to the cause of action set up in the petition, and the general demurrer of the plaintiff was properly sustained.

The cause was one between Lyons-Parsons Company and C. R. Myers and J. E. Turner, and the judgment settled every issue between them. The other claims pleaded were utterly foreign to the true issues in the case.

The judgment is affirmed.